UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
BILL CANNON,                                :
                                            :
                  Plaintiff,        :
                                            : 1:18-cv-12014 (NRB)
  v.                                        :
                                            :
HOSPITALITY INNOVATED, LLC,                 :
                                            :
                  Defendant.        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ANSWER

Defendant, Hospitality Innovated, LLC ("Hospitality Innovated"), by and through its undersigned attorneys, for its answer and affirmative defenses to the complaint of plaintiff, Bill Cannon ("Plaintiff") dated December 19, 2018 (the "Complaint"), avers as follows:

## NATURE OF THE ACTION

1. Hospitality Innovated admits that this purports to be an action for copyright infringement under 17 U.S.C. § 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act but denies that Plaintiff has asserted an actionable claim for either copyright infringement or the removal and/or alteration of copyright management information. Hospitality Innovated further admits that Plaintiff seeks monetary relief pursuant to 17 U.S.C. § 101 *et seq*. but denies that Plaintiff is entitled to any such relief.

## JURISDICTION AND VENUE

2. To the extent the allegations contained in Paragraph 2 of the Complaint are deemed to be allegations of law, Hospitality Innovated is not required to plead thereto. To the

extent that such allegations are deemed to be allegations of fact, Hospitality Innovated admits that Plaintiff has made an allegation of copyright infringement under the Copyright Act and does not contest the subject matter jurisdiction of this Court.

3.  To the extent the allegations contained in Paragraph 3 of the Complaint are deemed to be allegations of law, Hospitality Innovated is not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Hospitality Innovated admits that it resides in and/or transacts business in New York and does not contest the jurisdiction of this Court.

4.  To the extent the allegations contained in Paragraph 4 of the Complaint are deemed to be allegations of law, Hospitality Innovated is not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, for the purposes of this action only, Hospitality Innovated does not contest that venue is proper in this District.

## PARTIES

5.  Hospitality Innovated lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint.

6.  Hospitality Innovated admits the allegations contained in paragraph 6 of the Complaint.

7.  Hospitality Innovated admits the allegation contained in paragraph 7 of the Complaint.

## STATEMENT OF FACTS

**A. Background and Plaintiff's Alleged Ownership of the Photograph**

8.  Hospitality Innovated denies knowledge or information sufficient to form

a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint, except that Hospitality Innovated admits that the Complaint purports to contain an Exhibit A which speaks for itself, and to the extent any further response is required, Hospitality Innovated respectfully refers the Court to that Exhibit.

9.  Hospitality Innovated denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Complaint, except that Hospitality Innovated admits that the Complaint purports to contain an Exhibit B which speaks for itself, and to the extent any further response is required, Hospitality Innovated respectfully refers the Court to that Exhibit.

10. Hospitality Innovated denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Complaint.

11. Hospitality Innovated denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Complaint, except that Hospitality Innovated admits that the Complaint purports to contain an Exhibit C which speaks for itself, and to the extent any further response is required, Hospitality Innovated respectfully refers the Court to that Exhibit.

### B. Defendant's Alleged Infringing Activities

12. Hospitality Innovated admits that it published a blog about Philadelphia on or about August 9, 2016 at http://www.hotelsbyday.com/blog/hidden-city-phillys-eccentric-art-sites/ entitled "The Hidden City : Philly's Eccentric Art Sites" (the "Blog").  Hospitality Innovated lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 12 of the Complaint, except that Hospitality Innovated admits

that the Complaint purports to contain an Exhibit D which speaks for itself, and to the extent any further response is required, Hospitality Innovated respectfully refers the Court to that Exhibit.

13.     Hospitality Innovated denies the allegations contained in paragraph 13 of the Complaint, except that Hospitality Innovated admits that four hyperlinks are contained within the Blog that link directly to the Hospitality Innovated hotel booking page [https://www.hotelsbyday.com/en/hotels/united-states/philadelphia?country=United+States&date=August+1%2C+2016](https://www.hotelsbyday.com/en/hotels/united-states/philadelphia?country=United+States&date=August+1%2C+2016) and that the Complaint purports to contain an Exhibit E and an Exhibit F, which each speak for themselves, and to the extent any further response is required, Hospitality Innovated respectfully refers the Court to those Exhibits.

14.     Hospitality Innovated denies the allegations contained in paragraph 14 of the Complaint, except that Hospitality Innovated admits that it did not license the Photograph from Plaintiff.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST HOSPITALITY INNOVATED)**
**(17 U.S.C. § 106, 501)**

15.     Hospitality Innovated incorporates by reference its answers to paragraphs 1 through 14 above as if fully restated herein.

16.     Hospitality Innovated denies the allegations contained in paragraph 16 of the Complaint, except that Hospitality Innovated admits that it did not license the Photograph from Plaintiff.

17.     The allegations contained in paragraph 17 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required,

Hospitality Innovated denies such allegations.

18. Hospitality Innovated denies the allegations contained in paragraph 18 of the Complaint.

19. The allegations contained in paragraph 19 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Hospitality Innovated denies such allegations.

## SECOND CLAIM FOR RELIEF
### (INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST HOSPITALITY INNOVATED)
### (17 U.S.C. § 1202)

20. Hospitality Innovated incorporates by reference its answers to paragraphs 1 through 19 above as if fully restated herein.

21. Hospitality Innovated denies the allegations contained in paragraph 21 of the Complaint, except that Hospitality Innovated admits that the Complaint purports to contain an Exhibit B which speaks for itself, and to the extent any further response is required, Hospitality Innovated respectfully refers the Court to that Exhibit.

22. Hospitality Innovated denies the allegations contained in paragraph 22 of the Complaint.

23. The allegations contained in paragraph 23 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Hospitality Innovated denies such allegations.

24. Hospitality Innovated denies the allegations contained in paragraph 24 of the Complaint.

25. Hospitality Innovated denies the allegations contained in paragraph 25 of the Complaint.

26. The allegations contained in paragraph 26 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Hospitality Innovated denies such allegations.

27. The allegations contained in paragraph 27 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Hospitality Innovated denies such allegations.

## PRAYER FOR RELIEF

With respect to the WHEREFORE clauses in the Complaint, Hospitality Innovated denies that Plaintiff is entitled to any relief, including a declaration or judgment against Hospitality Innovated, damages, profits, costs, expenses, attorney's fees, interest, or any other relief, as follows:

1. Hospitality Innovated denies that Plaintiff is entitled to the relief sought in paragraph 1 of the prayer for relief.

2. Hospitality Innovated denies that Plaintiff is entitled to the relief sought in paragraph 2 of the prayer for relief.

3. Hospitality Innovated denies that Plaintiff is entitled to the relief sought in paragraph 3 of the prayer for relief.

4. Hospitality Innovated denies that Plaintiff is entitled to the relief sought in paragraph 4 of the prayer for relief.

5. Hospitality Innovated denies that Plaintiff is entitled to the relief sought in

paragraph 5 of the prayer for relief.

6. Hospitality Innovated denies that Plaintiff is entitled to the relief sought in paragraph 6 of the prayer for relief.

7. Hospitality Innovated denies that Plaintiff is entitled to the relief sought in paragraph 7 of the prayer for relief.

## GENERAL DENIAL

Each numbered paragraph in this answer responds to the identically numbered paragraph in the Complaint. Hospitality Innovated denies all allegations, declarations, claims or assertions in the Complaint that are not specifically admitted in this answer. To the extent the headings contained in the Complaint constitute allegations, such allegations are denied.

## AFFIRMATIVE AND OTHER DEFENSES

As and for affirmative defenses to the claims in the Complaint, and based on the knowledge and information available to Hospitality Innovated to date, Hospitality Innovated is informed and believes and based thereon alleges as follows:

## FIRST DEFENSE

1. Plaintiff has failed to state a claim upon which relief may be granted.

## SECOND DEFENSE

2. Plaintiff's claim is barred, in whole or part, by the doctrine of fair use.

## THIRD DEFENSE

3. Plaintiff's claim is barred, in whole or part, by the doctrine of misuse of copyright.

## FOURTH DEFENSE

4. Plaintiff's claim is barred, in whole or part, by the doctrine of unclean hands.

## FIFTH DEFENSE

5. To the extent Plaintiff suffered any damages, which Hospitality Innovated expressly denies, Plaintiff failed to take the steps necessary to mitigate the damages sustained.

## SIXTH DEFENSE

6. Plaintiff's claims for actual damages are barred, in whole or in part, because Plaintiff has failed to allege any purported actual damages with the required specificity, and because such damages are speculative and imprecise.

## SEVENTH DEFENSE

7. Plaintiff is not entitled to recover any of Hospitality Innovated profits because such profits, if any, are not attributable to any alleged infringement.

## EIGHTH DEFENSE

8. Plaintiff's claim for statutory damages is barred, in whole or in part, because the statutory damages sought are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained in violation of the Due Process Clause.

## NINTH DEFENSE

9. Plaintiff's claim allegedly arising under the Digital Millennium Copyright Act, 17 U.S.C. § 1202 is barred, in whole or part, by Hospitality Innovated's lack of the requisite scienter.

**TENTH DEFENSE**

10. Plaintiff's claims are barred, in whole or part, because Hospitality Innovated's conduct was in good faith and with non-willful intent, at all times.

**ADDITIONAL DEFENSES**

11. Hospitality Innovated reserves the right to supplement or to amend this answer, including through the addition of further affirmative defenses, based upon the course of discovery and proceedings in this action.

**RELIEF REQUESTED**

WHEREFORE, Hospitality Innovated respectfully prays that this Court:

A. Deny Plaintiff all relief sought in the Complaint;

B. Dismiss the Complaint with prejudice;

C. Grant Hospitality Innovated their reasonable attorney's fees and costs of this action; and

D. Grant Hospitality Innovated such other and further relief as the Court deems just and proper.

Dated: New York, New York
      January 31, 2019

Respectfully Submitted,

DITTHAVONG & STEINER, P.C.

By:  /s/Brian M. Taddonio
Brian M. Taddonio (BT-1409)
379 West Broadway, Suite 212
New York, New York 10012
Telephone: (212) 203-4809
Facsimile: (646) 661-1778
btaddonio@dcpatent.com
*Attorneys for Defendant,*
*Hospitality Innovated, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Answer and Affirmative Defenses of Defendant Hospitality Innovated, LLC, was served this 31st day of January 2019, by ECF and email on the following:

> Richard Liebowitz, Esq.
> Liebowitz Law Firm, PLLC
> 11 Sunrise Plaza, Suite 301
> Suite 305
> Valley Stream, NY 11580
> Tel: (516) 233-1660
> RL@LiebowitzLawFirm.com
> *Attorneys for Plaintiff*

/s/ Brian M. Taddonio
Brian M. Taddonio